## Strasburger Estate

*Lawrence A. Brown* and *Richard V. Zug*, for accountants.

TAXIS, P. J., December 17, 1959.—. . . At the time of her death decedent was sole owner of policy number 1714727 issued by Mutual Benefit Life Insurance Company insuring the life of her former husband M. Bob Strasburger, from whom she had been divorced, in the principal amount of $10,000. The cash surrender value of this policy at the time of decedent's death, $4,056.81, was included in the inventory as an asset of her estate and inheritance tax has been paid thereon.

Decedent had the right to change the beneficiary, and under the terms of the policy her executors had the right to surrender the policy after her death. M.

Bob Strasburger died December 21, 1958. The policy was in effect at the date of his death. The beneficiary provisions, executed by decedent Florence R. Strasburger, provided for the payment of the entire proceeds of the policy upon the death of M. Bob Strasburger to Florence R. Strasburger, if living, otherwise to such of Miriam Strasburger, now Miriam S. Moss, and Sally Strasburger, now Sally Strasburger Stephenson, children of Florence R. Strasburger, as shall then be living, and if none are living, then to the estate of Florence R. Strasburger.

On January 20, 1959, the insurance company paid the entire proceeds of the policy including dividend accumulations with interest thereon, one-half to Miriam S. Moss and one-half to Sally Strasburger Stephenson. Of the amount so received, Sally Strasburger Stephenson paid over to the accountants the sum of $2,028.41 representing one-half of the cash surrender value of the policy at the time of the death of decedent to be held by the accountants pending the determination of this court of her right to that sum. The accountants have claimed credit in the distribution account for distribution of the sum of $2,028.40 representing the other half of the cash surrender value of the policy, to Miriam S. Moss. The question submitted is whether Sally Strasburger Stephenson is entitled to receive back the sum of $2,028.41, constituting that portion of the proceeds of the life insurance policy equal to one-half of the cash surrender value thereof at the time of the death of Florence R. Strasburger, this testatrix, or whether that sum should be retained for said Sally Strasburger Stephenson in her trust under the will.

This decedent predeceased M. Bob Strasburger by about two months, she having died on October 19, 1958.

Evidently, the company paid to the two named beneficiaries the matured value of the policy because of the death of the insured while the policy was still in force and not having been surrendered in the insured's lifetime.

I am of the opinion that such payments were made properly under the terms of the contract. It follows that the proceeds of the policy never having become legally a part of decedent's estate, the sum of $2,028.41 in question must be returned to Sally Strasburger Stephenson, and it is so awarded to her. This does not mean that the executors were in error in charging themselves with the surrender value of the policy for the purpose of having the question decided. . . .